By the Court,

Bronson, Ch. J.
When a new trial is granted under the statute, after the plaintiff has recovered and been put in possession, in the action of ejectment, the order vacating the judgment and granting a new trial does not affect the possession ; but “ if the defendant recover in any new trial hereby authorized, he shall be entitled to a writ of possession in the same manner as if he was plaintiff.” (2 R. S. 309, §§ 37, 41.) Although the words are, that the. defendant shall have a writ of possession if he “recover in any new trial,” I am strongly in- *197 dined to the opinion that the legislature intended the possession should be restored whenever the defendant should obtain a regular judgment in his favor, whether upon a trial, or in any other way. Assuming for all the purposes of this motion that such is the rule, the inquiry will then be whether the defendant has obtained a regular judgment, and one which should entitle him to the possession of the property.
The judgment was irregular. When the plaintiff enters a rule to discontinue, without offering to pay costs; or if, after an offer, he refuses to pay the costs when demanded, the defendant may treat the rule as a nullity, and go on with the suit. That is the remedy. There is no precedent, either before or since the revised statutes, which authorizes the defendant to make the rule the foundation for entering a judgment of discontinuance. (Leonard v. Slaughter, 10 John. R. 367; McKenster ads. Van Zandt, 1 Wend. 13; James v. Delavan, 7 id. 511; Robinson v. Taylor, 12 id. 191; Harden v. Hardick, 2 Hill, 384; White v. Smith, 4 id. 166.) In Provost v. Johnson, (12 Wend. 289,) to which we are referred, there was no rule for a discontinuance. The plaintiff entered a cassetur billa, after a plea in abatement; and the case, if rightly decided, is not in point.
There is a further reason why the defendant was irregular. The plaintiff served notice of the rule to discontinue, and that the defendant’s costs would be paid on taxation. The defendant should have had his costs taxed; and then, if they were not paid, he might have proceeded with the suit in the same manner as though there had been no rule to discontinue. This practice is settled by the cases already mentioned.
If the costs had been taxed and paid, it may be that the defendant would still have been allowed to proceed with the. suit to a judgment in his favor, as a means of regaining the possession : or, possibly, we might have awarded a writ of possession, upon the equity of the statute, without going on to a judgment. But these are questions which do not necessarily arise in the case: The defendant did not come here for authority to reach the possession; and the course he took on his own responsible is not warranted by the practice of the court.
*198 Thus far I have spoken of the case as though no one was concerned but the parties to the suit. But Griffith, who purchased on the foreclosure of the mortgage, must be Regarded as. the defendant’s grantee; and whatever may be the rights of the parties to the suit, as between themselves, the defendant cannot use any judgment which he may obtain in this proceeding, however regular it may be, for the purpose of ousting his own grantee, who has come lawfully to the possession of the land. The defendant may proceed in the suit, or do whatever else is proper, for the purpose of obtaining his costs from the plaintiffs. (See Jackson v. Davenport, 18 John. R. 295, 302.) But he can have no right to a writ of possession against Griffith, or his tenant Yorker.
There has then been a double error on the part of the defendant. 1. His judgment was irregular as against the plaintiffs; and 2. If it had been regular, it did not authorize the removal of Griffith, or his tenant, from the possession of the property.
I see nothing in the defendant’s papers which can possibly affect the result.
Motion granted.